ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona
FREDERICK BATTISTA
Maryland State Bar Member
MARGARET PERLMETER
Arizona State Bar No. 024805
Assistant U.S. Attorneys
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Fred.Battista@usdoj.gov
Email: Margaret.Perlmeter@usdoj.gov
Attorneys for Plaintiff

FILED ___ LODGED
___ RECEIVED ___ COPY

OCT 2 5 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | NO. **CR-17-01423-PHX-DGC** |
|---|---|
| Plaintiff, | **I N F O R M A T I O N** |
| vs. | VIO: 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5 |
| (1) Lanny Brown, and | (Securities Fraud) |
| (2) Sean Fox, | Count 1 |
| Defendants. | |

THE UNITED STATES ATTORNEY CHARGES:

**BACKGROUND**

At all times relevant to this Information:

1.      International Rectifier Corporation ("IRF") was a semiconductor company based in El Segundo, California, with offices worldwide, including Chandler, Arizona, within the District of Arizona. The common stock of IRF was registered with the United States Securities and Exchange Commission under Section 12(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78l. The common stock of IRF was listed on the New York Stock Exchange under the ticker symbol "IRF."

2. Infineon Technologies AG ("INF") was a semiconductor company based in Germany. On August 20, 2014, INF publicly announced it had signed a definitive merger agreement whereby INF would acquire IRF for $40 US dollars per share in cash, $3 billion US dollars total. The merger became final on January 13, 2015.

3. Defendant LANNY BROWN ("BROWN") resided in Queen Creek, Arizona, within the District of Arizona. Defendant BROWN was employed in IRF's Chandler, Arizona office as the Director of Epi/Silicon Sourcing and Foundry Service Procurement.

4. As an IRF employee, defendant BROWN was subject to IRF's policies, which restricted defendant BROWN's ability to engage in securities transactions. These policies included "Trading Window Periods" which restricted IRF employees from buying or selling IRF securities at all times except during the periods identified by IRF in the trading windows. IRF employees were also required to complete a yearly computer based code of conduct training that included IRF's insider trading policies. IRF required that its employees maintain the confidentiality of information they received through their employment with IRF. IRF also required that its employees not make securities trades based on confidential information obtained in the course of their employment, not use that information for their personal benefit or disclose that information to any third party.

5. Defendant SEAN FOX ("FOX") resided in Gilbert, Arizona, in the District of Arizona, and was a friend of defendant BROWN. Defendant FOX had brokerage accounts with optionsXpress, Inc., ("optionsXpress") which allowed him to buy and sell securities, including call options, by using means and instrumentalities of interstate commerce with access to national securities exchanges.

6. A "call option" gives the owner the right to buy a stock at a specific price, known as the strike price, at any time during the life of the option. The owner of a call option can earn a profit when the price of the underlying stock rises after buying the option.

## THE SCHEME TO DEFRAUD

7. In or about August 2014, in Maricopa County, within the District of Arizona, and elsewhere, defendants BROWN and FOX knowingly and willfully, directly and indirectly, in connection with the purchase and sale of certain securities, those being IRF call options contracts, employed a scheme to defraud.

8. In or about August 2014, the scheme to defraud was carried out, in substance, as follows:

    a. During the course of his employment with IRF, defendant BROWN obtained material, non-public information ("inside information") regarding a potential upcoming acquisition of publicly traded IRF by another entity or IRF's acquisition of another entity. Defendant BROWN shared this inside information with defendant FOX, knowing that defendant FOX would make securities transactions based on the inside information, thereby generating illegal profits which defendants BROWN and FOX intended to share.

    b. Defendant BROWN provided inside information regarding IRF to defendant FOX in violation of: (1) the duties of trust and confidence that defendant BROWN owed IRF and (2) IRF's policies regarding the use and safekeeping of inside information. In providing this inside information to defendant FOX, defendant BROWN knew that defendant FOX would make securities transactions based on that inside information, thereby generating substantial illegal profits.

    c. Defendant FOX then used the inside information belonging to IRF, knowing that defendant BROWN had provided that inside information in violation of a duty of trust and confidence, to make securities transactions in IRF.

    d. Between on or about August 11, 2014, and on or about August 12, 2014, defendants BROWN and FOX combined approximately $12,000.00 of funds for the purpose of defendant FOX purchasing IRF call options contracts on their behalf.

e.  On or about August 14, 2014, defendant FOX, via the internet, used his optionsXpress account, with account number ending in 7631, an instrumentality of interstate commerce, to purchase approximately 380 call option contracts of IRF for approximately $11,982.80.

f.  On or about August 14, 2014, defendant FOX, via the internet, used his optionsXpress account, with account number ending in 3709, an instrumentality of interstate commerce, to purchase approximately 40 call option contracts of IRF for approximately $1,261.35.  Defendant FOX did not inform defendant BROWN of this separate purchase.

g.  On or about August 20, 2014, INF publicly announced its plan to acquire IRF.  After the announcement, the common stock price of IRF rose substantially.

h.  On or about August 21, 2014, defendant FOX sold the approximately 420 total IRF call options he had purchased on or about August 14, 2014, for $381,667.38.  As a result of his securities trades based on the inside information received from defendant BROWN, defendant FOX generated approximately $368,423.73 in illegal profits.

i.  After generating the illegal profits, defendant FOX engaged in a series of transactions conducted in a manner to spread out his payments to defendant BROWN of his share of the proceeds generated by the defendants' successful use of inside information related to IRF.  The transactions included the execution of checks related to funds intended for defendant BROWN that were made payable to defendant BROWN's children and stepchildren, and various entities that provided services to defendant BROWN.

**FRAUD IN CONNCECTION WITH THE
PURCHASE AND SALE OF SECURITIES
(15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5)**

9.  On or about August 14, 2014, within the District of Arizona and elsewhere, in furtherance of the scheme to defraud as described above, acting with the intent to defraud, defendants BROWN and FOX, in connection with the purchase of securities of

IRF by defendant FOX through his optionsXpress accounts, as directed by defendant BROWN, directly and indirectly used and willfully caused others to use the means and instrumentalities of interstate commerce, and the facilities of a national securities exchange to further the fraudulent scheme described above.

In violation Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5.

Dated this 22nd of September, 2017.

ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

_____
FREDERICK BATTISTA
MARGARET PERLMETER
Assistant U.S. Attorneys

- 5 -